UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN EDWARD MAZZA, | No. C-11-4632 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER DENYING POST-JUDGMENT MOTION** |
| V. CULLEN, Associate Warden; *et al.*, | |
| Defendants. | |

This matter is now before the Court for review of Plaintiff's post-judgment motion for an extension of time to file an amended complaint.

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff's complaint failed to state a claim and granted Plaintiff leave to file an amended complaint. The original deadline for Plaintiff to file an amended complaint was May 4, 2012. *See* Docket # 9. At Plaintiff's request, the deadline to file an amended complaint was extended to June 29, 2012. *See* Docket # 11. At Plaintiff's further request, the deadline to file an amended complaint was extended to August 27, 2012. *See* Docket # 13. In the Order granting the second extension of the deadline, the Court wrote:

> No further extensions of this deadline will be permitted because, by the time it arrives, Plaintiff will have had more than four months to prepare his amended complaint. [¶] Plaintiff's request was signed by another inmate on his behalf. Plaintiff must sign all of his filings unless he is represented by an attorney at law. The Court will not accept any more filings signed by other inmates on Plaintiff's behalf.

*Id.* An amended complaint was never filed. On September 25, 2012 – almost a full month after the final deadline – the Court dismissed the action for failure to state a claim upon which relief may be granted. *See* Docket # 15. Judgment was entered on that date. *See* Docket # 16.

After judgment was entered, Plaintiff filed an "appeal for time extension to file amended complaint." Docket # 17. In that document, Plaintiff stated that he had been separated from his jailhouse lawyer for several months and was under the impression his jailhouse lawyer was preparing his amended complaint. The Court construes the motion to be a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(1). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Relief from the judgment may be granted under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Plaintiff's argument that the Court should reconsider or grant relief from the judgment to allow him to prepare an amended complaint is unpersuasive. The record demonstrates that Plaintiff's failure to file the amended complaint was due to either an intentional choice or inexcusable neglect by Plaintiff. All the orders in this case were mailed to Plaintiff, and not to his jailhouse lawyer. Plaintiff thus knew or should have known of the several deadlines as well as the Court's direction that he had to sign all his filings. He therefore knew or should have known at the very least that he had to sign the amended complaint that had to be filed by the deadline of August 27, 2012. He also knew or should have known that there would be no more extensions of that deadline and, even if he wanted to try for a third extension of time, he had to sign the document requesting it. Notwithstanding his actual or constructive notice of the deadline that the Court had clearly warned would not be further extended, Plaintiff did not file an amended complaint and took no further steps to prosecute the action until the case was dismissed almost a month after the final deadline. Even when the post-judgment document was filed, it requested yet another extension of the deadline to file the amended complaint – meaning that Plaintiff still had not prepared the

document that he had known for six months that he was required to file. Plaintiff has not shown newly discovered evidence, clear error, or an intervening change in the law that might warrant relief under Rule 59(e). His failure to file an amended complaint was either an intentional choice or inexcusable neglect that also does not support relief under Rule 60(b)(1). "'Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1101 (9th Cir. 2006) (quoting *Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992)). The motion for relief from the judgment and for extension of time to file an amended complaint is **DENIED**. (Docket # 17.) Plaintiff is reminded that the dismissal of this action was without prejudice to Plaintiff pursuing his claim for the wrongful destruction of his paperwork in state court.

IT IS SO ORDERED.

Dated: March 11, 2013

_____
EDWARD M. CHEN
United States District Judge

3